IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> MOLINA HEALTHCARE OF FLORIDA, : <br> INC., : <br> : <br> Defendant. : <br> : | Civil Action <br><br> No. 24-506 |

**MEMORANDUM**

**J. Younge**                                                                                       **March 19, 2024**

**I.       INTRODUCTION**

Currently before this Court is Defendant Molina Healthcare of Florida, Inc.'s Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6). (ECF No. 6.)[1] The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, this Motion is Granted.

**II.      FACTUAL BACKGROUND**

Plaintiff Abira Medical Laboratories LLC (hereinafter "Abira") is a New Jersey limited liability company that holds a medical laboratory testing license from and a principal place of business in Pennsylvania. (Complaint ¶ 6, ECF No. 1-1.) Defendant Molina Healthcare of Florida, Inc. (hereinafter "Molina") is a Florida corporation that provides health insurance plans to Florida residents. (Murr Decl. ¶¶ 4-5.) Plaintiff performs laboratory testing services from its office in Pennsylvania, including, allegedly, on behalf of Defendant's subscribers pursuant to an

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

1

alleged contract between the Parties.  (Complaint ¶¶ 10-11.)  All invoicing for these services is billed either directly to the patient, the patient's third-party insurer, or to Medicare/Medicaid.  (Miller Decl. ¶ 9, ECF No. 8-1.)  Certain patients covered by Defendant's insurance policies were referred to Plaintiff by medical service providers who are members of the Defendant's network of medical service providers.  (Miller Decl. ¶ 14.)  These medical service providers allegedly communicated to Defendant that "they had the authority on behalf of Molina Healthcare of Florida to refer those patients to" Plaintiff.  (Miller Decl. ¶ 15.)  Plaintiff alleges that it submitted proper claims for services rendered to Defendant pursuant to the alleged contract and argues that Defendant's subsequent refusal to process and pay those claims constituted a breach of that contract.  (Complaint ¶¶ 2, 12, ECF No. 1-1.)

There is no written contract between the Parties.  Instead, Plaintiff argues that this contract "was created" between the Parties "[b]y [Plaintiff] tendering Laboratory Testing Services to the Defendant's subscribers/members," which created "express payment obligations to Plaintiff."  (Complaint ¶ 11.)  This originated from the patients executing "an assignment of benefits with respect to the original requisitions for services submitted by their attending medical service providers" followed by these laboratory services.  (Miller Decl. ¶¶ 16-18, ECF No. 8-1.)

Plaintiff filed its Complaint in state court on August 24, 2023, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, negligent and fraudulent misrepresentation, promissory estoppel, and unjust enrichment and claiming punitive damages.  *See* ECF No. 1-1.  Defendant filed its Notice of Removal on February 2, 2024 pursuant to 28 U.S.C. §§ 1332 and 1441.  *See* ECF No. 1.  On February 9, 2024, Defendant filed its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6), arguing that this Court

lacks personal jurisdiction over Defendant and that Plaintiff has failed to state a claim upon which relief can be granted.  *See* ECF No. 6.

### III.  LEGAL STANDARD

Upon the filing of a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating the facts establishing jurisdiction.  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).  Federal courts generally follow state law when determining whether they have personal jurisdiction over a defendant.  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).  Pennsylvania's long-arm statute provides for jurisdiction "based on the most minimum contact with the Commonwealth allowed under the Constitution," such that the Fourteenth Amendment's Due Process Clause sets the outer boundaries of personal jurisdiction.  42 Pa. C.S. § 5322(b); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011).  General personal jurisdiction is found when a corporation's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State," *Goodyear*, 564 U.S. at 919 (internal quotations omitted), while specific personal jurisdiction is found when the suit "arise[s] out of or relate[s] to the defendant's contacts with the forum," *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014).

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on

its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Thus, this Court must examine Plaintiff's claims to determine whether it can infer that Defendant is liable for the alleged misconduct.

## IV. DISCUSSION

This Court lacks either general or specific personal jurisdiction over this Defendant. A court may assert general jurisdiction over corporations when they are considered "essentially at home in the forum state," *Goodyear*, 564 U.S. at 919, which generally includes the state of incorporation and the principal place of business, *Daimler*, 571 U.S. at 137. In exceptional circumstances, general jurisdiction may exist where a corporation's "operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *Id.* at 139 n.19. Here, however, the Defendant is incorporated and has its principal place of business in Florida. (Murr Decl. ¶ 4, ECF No. 6-3.) Additionally, as articulated more fully below, Plaintiff has failed to allege operations in Pennsylvania so "substantial" as to reasonably render it at home in this forum.

Defendant's contacts with Pennsylvania are likewise insufficient to support this Court's exercise of specific jurisdiction. The exercise of specific jurisdiction requires that "the defendant's suit-related conduct . . . create[d] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The defendant itself must have been the orchestrator of this contact. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Specific jurisdiction


exists where the (1) the defendant "purposefully directed [its] activities," (2) the litigation "arise[s] out of or relate[s] to at least one of those activities," and (3) the exercise of jurisdiction "otherwise comports with fair play and substantial justice."  *O'Connor v. Sandy Lane Hotel*, 496 F.3d 312, 317 (3d Cir. 2007) (internal quotations omitted).  The minimum contacts necessary to support the exercise of specific jurisdiction do not include the "'random, fortuitous, or attenuated' contacts [that the defendant made] by interacting with other persons affiliated with the State."  *Walden*, 571 U.S. at 286 (quoting *Burger King*, 471 U.S. at 475).

Here, Plaintiff argues that this Court can properly exercise jurisdiction over this Defendant because its members' physicians chose to utilize Plaintiff's laboratory testing services in Pennsylvania.  Notably, multiple courts in the Third Circuit have considered this argument under nearly identical facts and found that they lacked jurisdiction.[2]  Patients' physicians' decision to utilize Plaintiff's services in Pennsylvania is that type of "unilateral activity" of a third party that should not subject a defendant to jurisdiction in a forum that it itself had not created contact with.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).  Plaintiff states conclusively that these physicians should be considered agents or representatives of Defendant, presumably by virtue of them being part of Defendant's network of

---

[2] *See Abira Med. Lab'ys, LLC v. Johns Hopkins Healthcare LLC*, No. 2:19-cv-05090-AB, 2020 WL 3791565, at *5 (E.D. Pa. July 7, 2020) ("[Defendant]'s contacts with Pennsylvania are the result of the 'unilateral activity of another party,' its insured members' physicians, and 'is not an appropriate consideration'") (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)); *Abira Med. Lab'ys, LLC v. Humana Inc.*, No. 22-cv-06190, 2023 WL 3052308, at *3-4 (D. N.J. Apr. 24, 2023) (finding that plaintiff had failed to establish facts showing how defendant's purported business partners' actions gave rise to the required minimum contacts or to the claims alleged); *Abira Med. Lab'ys, LLC v. Cigna Health and Life Ins. Co.*, No. 22-cv-6408, 2023 WL 4074081 (D. N.J. June 16, 2023) (finding that allegations that Defendant merely transacted business in New Jersey was insufficient to establish that the claims made arose out of conduct in New Jersey).  Notably, New Jersey's long-arm statute also "provides for jurisdiction coextensive with the due process requirements of the United States Constitution."  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004).

medical providers.  *See* Plaintiff's Response, ECF No. 8.  This is not sufficient to show that Defendant itself established contact with Pennsylvania.  As such, this Court lacks personal jurisdiction over Defendant.

As this Court has found that it lacks personal jurisdiction over Defendant, it declines to consider whether Plaintiff has properly pled its claims under Rule 12(b)(6).

## V.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is Granted.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**